727 P.2d 1293

**Kenneth R. BISSETT,
Plaintiff-Appellant,**

v.

**STATE of Idaho, County of Boundary,
City of Bonners Ferry,
Defendants-Respondents.**

**No. 16272.**

Court of Appeals of Idaho.

Oct. 22, 1986.

Petition for Review Denied Dec. 10, 1986.

Kenneth R. Bissett, pro se.

Jim Jones, Atty. Gen., Brian H. Donesley and Tyra Hansen Stubbs, Deputy Attys. Gen., Dept. of Law Enforcement, for State of Idaho.

Bruce O. Robinson, Bonners Ferry, for Boundary County.

Peter B. Wilson, Bonners Ferry, for City of Bonners Ferry.

SWANSTROM, Judge.

Kenneth Bissett brought an action in district court seeking to enjoin the state, the County of Boundary and the City of Bonners Ferry from enforcing laws which Bissett believes infringe upon his right to freely exercise his religious beliefs. He appeals from an order dismissing his complaint "with prejudice" under I.R.C.P. 12(b)(6) for "failure to state a claim upon which relief can be granted." The questions presented on appeal are: (1) whether the state is infringing impermissibly on Bissett's constitutionally protected freedom of religion by requiring him to possess a driver's license, to register his motor ve-

hicle and display license plates, and to obtain liability insurance in order to drive in the state; (2) whether the district court erred in failing to allow amendment of Bissett's complaint; and (3) whether dismissal of his complaint, with prejudice, was proper. We hold that the state requirements are permissible and that the lower court did not err in dismissing the complaint without allowing amendment. Accordingly, we affirm the district court's order of dismissal.

Kenneth Bissett, who resides in Idaho but renounces citizenship, practices a religion based upon a "theistic kingdom worldview." This religion, recognizing God as the sole sovereign authority over man, directs obedience to divine law and rejection of man-made laws. Adherents to this religion believe their primary duty is the "peaceful over throw of the existing order while respecting the equal rights of others."

In June, 1984, Bissett was stopped and cited for failure to hold a valid driver's license, failure to display license plates, and failure to carry proof of liability insurance. He was tried and convicted of the three violations. Acting pro se, Bissett filed the instant suit against the State of Idaho, Boundary County, and Bonners Ferry (collectively the "state"), requesting a permanent injunction against their further enforcement of those laws against him. Bissett asserted that compliance with the laws would acknowledge the sovereignty of man-made government and would suppress his religiously-dictated rejection of man's laws. Each defendant filed a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief could be given. The district court granted the motions, dismissing Bissett's complaint with prejudice and rejecting Bissett's subsequent motions to alter or amend the order.

A first look at the pleadings in this case is apt to provoke skepticism and to invite easy rejection of Bissett's claims for relief. His "unconventional" religious views leave little, if any, room for laws that, under the Constitution, are intended to be equally applicable to all people. The suit itself appears to conflict with the proposition that man-made laws must be repudiated, for Bissett relies in part upon principles of secular law to obtain the relief he seeks. This confusion of spiritual and secular concerns has been exacerbated by one of the defendants. Boundary County—through its prosecutor—has largely ignored the legal content of the case, choosing instead to attack the worthiness and sincerity of Bissett's religious beliefs. Our task is only made more difficult by such an approach. We are, moreover, impressed with the apparent sincerity of Bissett's beliefs and with his determination to pursue, unaided, judicial redress of a perceived infringement upon his rights. Neither his standing nor his right to bring an action for injunctive relief has been challenged, and we note that there is precedent for the action. *See, e.g., State v. Cantrell,* 94 Idaho 653, 496 P.2d 276 (1972). Accordingly, the issue properly before us is whether Bissett's first amendment right to freely exercise his sincerely held religious beliefs is impermissibly infringed by the enforcement, as to him, of state laws requiring motor vehicles to be licensed, insured and operated by licensed drivers.

Freedom of religion involves two components: belief and practice. Freedom to believe in a religion or form of worship is constitutionally guaranteed and cannot be restricted by law. *Cantwell v. Connecticut,* 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 (1939). However, the practice of those religious beliefs is subject to some regulation. *United States v. Lee,* 455 U.S. 252, 102 S.Ct. 1051, 71 L.Ed.2d 127 (1982); *Cantwell v. Connecticut, supra.* The state's enactment and enforcement of the licensing and insurance laws do not require restriction, abandonment or expansion of Bissett's religious beliefs. His religious practices, however, are affected. Therefore, some regulation may be permissible.

■ In balancing Bissett's first amendment right to practice his religion with the state's interest in enforcing its regulatory scheme, the state may justify its burden on Bissett's religious liberty by showing that

the regulations are essential to accomplish an overriding governmental interest.[1] *United States v. Lee, supra; Wisconsin v. Yoder,* 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972). First, the state must possess an overriding interest. Under its police power, the state may regulate the driving of motor vehicles for the public's safety and order. *Adams v. City of Pocatello,* 91 Idaho 99, 416 P.2d 46 (1966); *Gordon v. State,* 108 Idaho 178, 697 P.2d 1192 (Ct.App.1985). Because the use of motor vehicles is such an integral part of today's mobile society, the state's interest in enacting and enforcing laws for public protection, safety and order is readily apparent. Effective regulation requires comprehensive, uniformly applicable laws. Uniform compliance is indispensable to successful administration and to attainment of an effective level of safety. Thus, the state has a strong interest in assuring mandatory, continuous and uniform compliance. Accommodation of Bissett's beliefs would substantially interfere with fulfillment of this interest. We hold that the state's interest in this regulatory scheme outweighs Bissett's freedom of religious practice in this instance.

▬ Second, the licensing and insurance laws must be essential to the accomplishment of the state's overriding interest. These laws are constitutional exercises of the state's police power and reasonably further the legislative objective of public safety and order. *Adams v. City of Pocatello, supra; Gordon v. State, supra* (driver's license and motor vehicle registration); *State v. Reed,* 107 Idaho 162, 686 P.2d 842 (Ct.App.1984) (proof of liability insurance). They are facially neutral in religious terms, applying uniformly to all residents who choose to drive within the state. The very nature of motor vehicles and their place in today's society mandates comprehensive

and uniform regulation for the public's safety. The potential for harm to the public from unsafe and irresponsible drivers and from unsafe motor vehicles is extremely great. Sheer numbers of motor vehicles create hazards to health, safety and property that require statewide action and control. Each of the requirements in question for registering and insuring motor vehicles and licensing of operators plays a necessary part in effective management of the problems. It is difficult to imagine any less burdensome regulations which would achieve any measure of success. We hold that the licensing and insurance regulations are essential to achieving the state's overriding interest.

The state's burden having been met, we hold that the laws do not unconstitutionally infringe upon Bissett's religious practices. Bissett remains subject to the law regardless of his refusal to consent to being regulated. *State v. Gibson,* 108 Idaho 202, 697 P.2d 1216 (Ct.App.1985). Compliance with the law may incidentally affect Bissett's practice of his religion, but it will not inhibit or alter Bissett's beliefs. Enforcement of motor vehicle statutes is not censorship of religious thought or expression. Bissett remains free to maintain his beliefs and to advocate his religion to others.

▬ Bissett next argues that the district court erroneously failed to allow amendment of his complaint. After a responsive pleading is filed, amendment of the complaint is in the district court's discretion, I.R.C.P. 15(a), and will not be disturbed on appeal absent a showing of an abuse of discretion. *Ada County Highway District v. Acarrequi,* 105 Idaho 873, 673 P.2d 1067 (1983). Dismissal of the complaint under Rule 12(b)(6) is proper only if it appears beyond doubt that Bissett could prove no set of facts upon which relief could be granted. *Service Employees Internation-*

---

**1.** *Compare* standards enunciated in *Bowen v. Roy,* —— U.S. ——, 106 S.Ct. 2147, 90 L.Ed.2d 735 (U.S. June 11, 1986) (requirement that infant must have a social security number as a prerequisite for obtaining aid to dependent child, neutral and uniform in its application, is a reasonable means of promoting a legitimate public interest) *with Hamilton v. Regents of the University of California,* 293 U.S. 245, 55 S.Ct. 197, 79 L.Ed. 343 (1934) (upholding requirement of state-supported college for completion of certain courses deemed offensive to plaintiffs' religious beliefs).

*al Union, Local Six v. Idaho Department of Health and Welfare,* 106 Idaho 756, 683 P.2d 404 (1984); *Havas v. Thornton,* 609 F.2d 372 (9th Cir.1979). The record which was before the trial court contains no allegations which, if proven, would entitle Bissett to the injunctive relief he claims. In addition, Bissett has failed to state on appeal any additional allegations which would establish a cause of action. The fact that Bissett appeared pro se does not entitle him to special consideration as he would have us hold. One who appears pro se is held to the same standards, procedures and rules as a litigant who is represented by an attorney. *Makin v. Liddle,* 102 Idaho 705, 639 P.2d 3 (1981). We hold that the district court did not abuse its discretion in failing to allow amendment of Bissett's complaint.

■ Bissett argues further that the district court's dismissal of his complaint "with prejudice" was error. However, the facts necessary to frame the issue of religious freedom have been presented. In light of Bissett's sweeping claim that compliance with any man-made law would contravene his "theistic kingdom world-view," there appear to be no particular facts that could now be alleged which would alter the issue. It is clear that further efforts to state a cause of action would serve no useful purpose. When an individual is unable to state a valid claim, justice does not entitle him to persist until he abandons his cause. We believe the district court acted within its discretion in dismissing the complaint with prejudice.

■ Finally, Bissett contends that the district court erroneously failed to set forth findings of fact. However, findings of fact are not required for dismissal of a complaint under Rule 12(b)(6). I.R.C.P. 52(a); *Bank of Idaho v. Nesseth,* 104 Idaho 842, 664 P.2d 270 (1983). Therefore, Bissett's request that we remand for such findings or supply them ourselves on appeal is not well taken.

Accordingly, we affirm the order of the district court dismissing Bissett's complaint with prejudice for failure to state a claim upon which relief could be granted. Costs to respondents. No attorney fees awarded.

WALTERS, C.J., and BURNETT, J., concur.