835 P.2d 648

**Lynn HOSSNER, Plaintiff–Respondent,**

v.

**IDAHO FOREST INDUSTRIES, INC., Defendant–Appellant.**

No. 19200.

Supreme Court of Idaho,
Idaho Falls, May 1992 Term.

July 21, 1992.

James M. English, Coeur d'Alene, for defendant-appellant.

Lynn Hossner, pro se.

BISTLINE, Justice.

## I. BACKGROUND

This is an appeal by Idaho Forest Industries, Inc. (IFI), from a summary judgment against it, and in favor of plaintiff-respondent, Lynn Hossner, awarding Hossner damages for timber conversion.

IFI operates a sawmill in St. Anthony, Idaho. In June of 1990, IFI purchased 104,280 board feet of timber from Robert (Harry) Barker, a local logger. IFI paid Barker $19,708.92 for the timber, which included payment for the value of the timber on the stump (stipulated by the parties to be $9907), plus payment for the value of cutting and hauling it to IFI's sawmill, less slash monies paid to the state of Idaho. In order to pay for transportation of the 104,-280 board feet of timber to IFI's mill, an additional 9000 board feet of timber was harvested and delivered to Eck Brothers, the transporters.

Barker had purchased the timber from Reid Richey. Richey told Barker that he, Richey, owned the real property upon which the standing timber was located. Richey gave Barker a writing which in turn was provided to IFI, purporting to grant Barker permission to harvest certain timber from the land. However, it is undisputed in the ensuing litigation, that Lynn Hossner, not Richey, was the sole and true owner of the land. Conversion of the timber into saw logs, and removal from his property were all accomplished without Hossner's knowledge. Likewise, IFI had no knowledge of Richey's skullduggery or that the saw logs which they had purchased from Barker had been purloined from Hossner, the plaintiff.

Hossner filed a complaint in September 1990 requesting the fair market value of 104,280 board feet of timber, and moved for summary judgment in October 1990. The primary issue was whether IFI should be required to pay Hossner the market value of the 104,280 board feet of timber purloined from his land prior to being felled and hauled (commonly known as stumpage value), or alternatively, the market value of the timber at IFI's mill in St. Anthony, Idaho. IFI acknowledged that the saw logs which it purchased from Barker came from Hossner's land and as true owner, Hossner, should be compensated for the fair market value of the timber.

The district court granted partial summary judgment on January 8, 1990, decreeing that: 1) IFI was liable to Hossner for the market value of the timber at the mill; and 2) the market value was to be determined by the trier of fact. The parties then stipulated that the market value of the timber at IFI's sawmill was $19,708.92, and in February, 1991, after Hossner again moved for summary judgment, the district court entered the final judgment awarding Hossner that amount. IFI then appealed to this court. The sole issue on appeal is whether the trial court erred in awarding damages to Hossner measured by the value of the timber at IFI's sawmill rather than the stumpage value. Hossner also requests attorney fees on appeal. We are not persuaded of any error in the decision and ensuing judgment of the court, and therefore affirm.

## II. STANDARD OF REVIEW

On an appeal from a grant of summary judgment, this court employs the same standard of review as does the trial court. *McDonald v. Paine,* 119 Idaho 725, 810

P.2d 259 (1991). "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. Rule 56(c). Summary judgment is appropriate only after all facts and inferences from the record have been construed most favorably to the opposing party. *Boise Car and Truck Rental Co. v. Waco, Inc.*, 108 Idaho 780, 783, 702 P.2d 818, 821 (1985). Here we perceive no genuine issue of material fact; the only issue confronting the district court, and this Court in turn, is whether Hossner's recovery should be the fair market value of the timber at the mill, or limited to its value on the stump. That issue is determinable as a matter of law.

### III. DISCUSSION

■ There is no dispute between the parties that a conversion has occurred, and that IFI is liable for that conversion. Therefore, this discussion need only focus on the proper measure of damages for IFI's conversion. We note in passing that IFI's liability to the actual owner, Lynn Hossner, arises from its purchase of the saw logs from a party with no authority to sell, albeit that IFI was unaware of the true ownership.

The district court relied on *Brunette v. Idaho Veneer Co.*, 86 Idaho 193, 384 P.2d 233 (1963), for the proposition that the owner of converted timber should be reimbursed for the fair market value of the timber at the mill, provided that the conversion took place at the mill, and the bona fide timber owner has paid for the harvesting and transportation costs. In *Brunette*, the land and timber owner, Brunette, hired Ludwig to work on his property, but conferred no authority in Ludwig to remove from the property any timber or logs. Nevertheless, Ludwig clandestinely sold timber to the defendant, Idaho Veneer Company (IVC), having also engaged a third party to harvest and transport the timber to the IVC mill. Ludwig absconded with the money received from the sale of the timber, leaving some unpaid employees who filed claims. Brunette paid these employees and received assignments of their claims. He then sued IVC for conversion of the timber and for foreclosure of the assigned claims. This Court held IVC liable to Brunette for the timber's market value *at the mill*, finding that damages so measured would reimburse him for the labor claims. Foreclosure of the liens was held to constitute a second recovery to which he was not entitled. *Brunette v. Idaho Veneer Co.*, 86 Idaho at 198, 384 P.2d at 235.

It is readily inferable from this Court's reasoning in *Brunette* that Ludwig's actions rendered IVC liable for conversion of the downed timber, and also for the cost of harvesting and transportation to its mill. The Court held that the proper measure of damages for the conversion was the fair market value *at the mill*. In the case at bar, just as in *Brunette*, the defendant in its purchase of the saw logs gained the value of the timber after it had been cut, loaded, hauled, and delivered to its mill. In *Brunette* as well as in the instant case, the plaintiffs were not only deprived of the timber taken from their property, but also paid harvesting and transportation costs. In *Brunette*, the plaintiff Brunette paid these costs directly to the loggers. In the case at bar, an additional 9,000 board feet of Hossner's timber went to Eck Brothers to pay for those costs. The similarities between the facts of the two cases leave no other reasonable conclusion but that as a matter of law, the proper measure of damages for such a conversion is the reasonable market value of the timber at the mill.

A further contention of Hossner is that IFI's conversion constituted a forced sale. He illustrates that if the stolen timber were yet his and he sold it to IFI, and provided delivery to its mill, the reasonable selling price clearly would be the fair market value of the timber delivered at the mill. It would be patently unreasonable to conclude that a sale forced upon an owner should leave him or her in a worse position than a voluntary sale.

IFI relies on *Grays Harbor County v. Bay City Lumber Co.*, 47 Wash.2d 879, 289 P.2d 975 (1955), for the contention that an innocent purchaser should only be liable for the stumpage value of the timber. However, *Grays Harbor* is readily distinguishable because there the original timber owner, Grays Harbor County, did not pay for harvesting and transportation costs to the mill. Those costs were sustained by the loggers, who removed the timber from the owner's land and sold the timber to Bay City Lumber Company. Therefore, that plaintiff's actual loss was limited to the stumpage value of the timber. *Grays Harbor*, 47 Wash.2d at 880–81, 289 P.2d at 976–77. In that case, an award of damages beyond the stumpage value, the plaintiff's actual loss, would have constituted an unjust enrichment. In the case at bar however, Hossner has suffered loss beyond the stumpage value. An award of conversion damages for the fair market value of the timber at the mill compensates Hossner for his loss of stumpage value, plus his loss due to harvesting and transportation costs. Thus, IFI is incorrect in contending that stumpage value is the proper measure of damages for *all* innocent purchasers in a timber conversion.

 Respondent requests attorney fees on appeal. The statutory power of the court to award attorney fees in a civil action is discretionary. Idaho Code § 12–121 states: "In any civil action, the judge may award reasonable attorney's fees to the prevailing party." However, this Court has deemed that attorney fees under I.C. § 12–121 may only be awarded by the court when it finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation. I.R.C.P. 54(e)(1); *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979).

Clearly, appellant IFI presented an issue of law as to the proper measure of damages for timber conversion. While this Court's opinion does not support IFI's contention, we do not find that the appeal is frivolous, unreasonable or without founda-tion. Costs on appeal noninclusive of attorney fees are awarded to Hossner.

BAKES, C.J., JOHNSON, McDEVITT, JJ., and CAREY, J. Pro Tem., concur.