995 P.2d 363

**Monte J. HUTCHINSON,
Plaintiff–Appellant,**

v.

**STATE of Idaho, Phil Batt, Al Lance, Idaho Dept. of Motor Vehicles, United States of America, Bill Clinton, Janet Reno, Twin Falls County, Twin Falls County Sheriff's Dept., Morgan Case, Charles P. Brumbach, Richard Bevan, Grant Loebs, John Brody, Suzanne McIntosh, Defendants–Respondents.**

No. 24658.

Court of Appeals of Idaho.

Dec. 6, 1999.

Rehearing Denied Jan. 24, 2000.

Review Denied March 17, 2000.

Monte J. Hutchinson, Buhl, pro se appellant.

Alan G. Lance, Attorney General, Boise, for respondents State of Idaho, Phil Batt, Al Lance, Idaho Dept. of Motor Vehicles, Charles P. Brumbach. Did not participate in appeal.

Holden, Kidwell, Hahn & Crapo, Idaho Falls, for respondents Twin Falls County, Twin Falls County Sheriff's Dept., Morgan Case, Grant Loebs, Suzanne McIntosh.

SCHWARTZMAN, Judge.

Monte J. Hutchinson appeals the district court's grant of summary judgment to Twin Falls County, the City of Buhl, the Twin Falls Sheriff Department, the prosecuting attorneys, and the officer who cited Hutchinson (hereafter referred to as the Twin Falls defendants) and the district court's award of attorney fees under I.C. § 12–121 to the Twin Falls defendants as the prevailing party. We affirm.

## I.

## FACTS AND PROCEDURE

On May 6, 1997, a Twin Falls County deputy sheriff was patrolling and observed a white four-door car parked on the roadside. The deputy knew of several reports of daytime burglaries in Twin Falls County committed by someone in a white four-door car. Thereafter, the car proceeded past the deputy and stopped near a residence down the road. The deputy approached the white car as the occupant, later identified as Hutchinson, got out and climbed an adjacent fence.

The deputy asked the occupant for his name and identification, but was rebuffed. The deputy called the dispatcher to report the car's license plate number and was told that the plates were registered to a brown

truck. Hutchinson then identified himself and told the officer that he did not need license plates or a driver's license. The officer issued Hutchinson citations for displaying the fictitious plate and not having a driver's license. I.C. §§ 49–301; 49–456(2).

A status conference hearing was held on July 17, at which time Hutchinson argued his previously filed motion to dismiss.[1] Hutchinson admitted, however, that the plates on his white four-door car belonged to another vehicle and that he had no driver's license. This dismissal motion was denied, and at trial on August 6, Hutchinson was found guilty on both misdemeanor counts.

On August 4, 1997, Hutchinson filed a civil complaint against numerous defendants,[2] asserting that his constitutional and civil rights had been violated. Counsel for the Twin Falls defendants voluntarily appeared and filed an answer on August 21. Hutchinson had not attempted to formally serve the Twin Falls defendants at this point. However, they became aware of Hutchinson's complaint because a copy of it was received by the Idaho County Risk Management Program and faxed over to counsel of record for the Twin Falls defendants.

The Twin Falls defendants filed a motion for summary judgment and several supporting affidavits on January 2, 1998. Hutchinson, believing that the need for service upon these defendants had not been alleviated by their earlier voluntary appearance, attempted to serve them by certified mailings on January 21, and then filed a motion to strike their motion for summary judgment. Hutchinson asserted that the summary judgment motion was improper and could not be considered by the court because the Twin Falls

---

1. Hutchinson's argument for dismissal was that the court had no jurisdiction over him because he was an Ambassador from the Kingdom of God, only subject to the jurisdiction of the United States Supreme Court.

2. Defendants included the United States of America as a corporation; President Bill Clinton and Attorney General Janet Reno as employees of such corporation; the State of Idaho as a corporation; Governor Phil Batt as an employee of such corporation; the Idaho Department of Motor Vehicles; Twin Falls County as a corpora-

tion; the presiding magistrate, Charles Brumbach; the prosecuting attorney, Grant Loebs; the assistant prosecuting attorney, Suzanne McIntosh; and the officer who cited Hutchinson, Morgan Case.

The United States, on behalf of all federal defendants, filed a motion to dismiss on February 10, 1998 asserting that the court lacked subject matter jurisdiction and that Hutchinson's complaint failed to state a claim upon which relief could be granted. The motion was granted by the court.

defendants had never been properly served with process and therefore were not subject to the jurisdiction of the court.

Thereafter, the district court denied Hutchinson's motion to strike the Twin Falls defendants' motion for summary judgment, explaining to Hutchinson that these defendants did not have to wait to be served and that they could and did voluntarily appear under I.R.C.P. 4(i), thus eliminating the need for formal service of process. The court then set a date for hearing the summary judgment motion. At that hearing, Hutchinson continued to argue that I.R.C.P. 4(i) did not alleviate the requirement of service upon the Twin Falls defendants. The district court again disagreed and issued a decision granting the motion for summary judgment.

Over the next several months, Hutchinson filed several motions to strike, motions to vacate the grant of summary judgment and motions to alter or amend the grant of summary judgment. The district court denied all of Hutchinson's motions, largely because Hutchinson continued to insist and argue that I.R.C.P. 4(i) did not alleviate the requirement of service upon the Twin Falls defendants. The district court also awarded attorney fees under I.C. § 12–121. This appeal follows.

## II.

### THE DISTRICT COURT PROPERLY GRANTED SUMMARY JUDGMENT TO THE DEFENDANTS

Hutchinson appeals the grant of summary judgment and the award of attorney fees to the Twin Falls defendants. Hutchinson does not argue the merits of his underlying constitutional claims based on his motor vehicle citations, but rather continues to hinge his arguments on the inadequate service claim.

#### A. Standard Of Review

This is an appeal from a grant of summary judgment; however the claims on appeal do not assert disputed issues of fact. Therefore, we will not review the pleadings, depositions, affidavits and admissions on file to determine if judgment as a matter of law was warranted, as is normally our course. I.R.C.P. 56(c).

■ Rather, this appeal is based upon an interpretation of the Idaho Rules of Civil Procedure, specifically I.R.C.P. 4(i). The construction and application of I.R.C.P. 4(i) presents a pure question of law and is subject to free review on appeal. *Mitchell v. Bingham Memorial Hosp.*, 130 Idaho 420, 422, 942 P.2d 544, 546 (1997).

#### B. A Voluntary Appearance Under I.R.C.P. 4(i) Subjects The Appearing Party To The Jurisdiction Of The Court And Eliminates The Need For Service Of Process

■ When Hutchinson filed his complaint with the district court he subjected himself to the jurisdiction and rules of the court. I.R.C.P 86; 21 C.J.S. *Courts* § 57 (1990). When the Twin Falls defendants voluntarily appeared in this case before the district court pursuant to I.R.C.P. 4(i), they submitted themselves to the jurisdiction of the court and demonstrated to the court knowledge of the claims against them. This voluntary appearance is the equivalent of personal service upon the Twin Falls defendants, absent a challenge by *them* under I.R.C.P. 12(b)(2), (4) or (5). *Donaldson v. Donaldson*, 111 Idaho 951, 954, 729 P.2d 426, 429 (Ct.App.1986); *see also Pittenger v. Al. G. Barnes Circus*, 39 Idaho 807, 230 P. 1011 (1924); *Moseley v. The Fidelity and Deposit Co. of Maryland*, 33 Idaho 37, 189 P. 862 (1920); *see generally* 4 Am.Jur.2d, *Appearance* # 2 (1995) (voluntary general appearance is equivalent to service of summons upon defendant and will cure any defects in service).

Although the Twin Falls defendants were not formally served by Hutchinson, their voluntary appearance cured any insufficiency of service. Accordingly, the district court had proper personal jurisdiction over both parties and had the authority to hear and grant the motion for summary judgment.

#### C. A Plaintiff Has No Protected Due Process Rights In Being Allowed To Personally Serve A Defendant

■ Hutchinson claims that he has been deprived of due process because he was not permitted to personally serve the Twin Falls

defendants before they voluntarily appeared. We hold that no due process rights of Hutchinson are implicated by his failure to adequately serve these defendants. The purpose behind the provisions of I.R.C.P. 4 is to protect a *defendant's* due process rights, not those of a plaintiff filing a complaint. *Thiel v. Stradley,* 118 Idaho 86, 87, 794 P.2d 1142, 1143 (1990), *citing Garren v. Rollis,* 85 Idaho 86, 90, 375 P.2d 994, 996 (1962) (stating that "under the due process clause of the Constitution of the United States, a personal judgment rendered without service of process on, or legal notice to, a *defendant,* in the absence of a voluntary appearance or waiver is void") (emphasis added). A defendant must be given notice of an action instituted against him or her so that it can be defended. As stated in *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950), due process is fundamentally the right to be heard and this right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest. When a voluntary appearance occurs prior to service, a court knows that the defendant is aware of the action and the defendant's due process rights have been preserved.

In addition to the issue discussed above, Hutchinson raises other varying but related theories on appeal. We have examined these other claims of error and find no merit to his arguments, thus obviating the need for further discussion. Accordingly, we affirm the district court's grant of summary judgment to the Twin Falls defendants.

### III.

### THE DISTRICT COURT CORRECTLY AWARDED ATTORNEY FEES AND COSTS TO THE DEFENDANTS UNDER I.C. § 12–121

Hutchinson's challenge to the award of attorney fees is based, like all of his claims, on the assertion that a voluntary appearance under I.R.C.P. 4(i) does not cure inadequate service by the plaintiff. Hutchinson asserts that the district court could not properly award attorney fees when it did not have

personal jurisdiction over the defendants. As concluded above, the district court did have personal jurisdiction over both parties and had the authority to award attorney fees in this case.

Despite relying on his inadequate service claim, Hutchinson does in some semblance challenge the substance of the district court's decision to award attorney fees. Therefore, we will address this issue below.

### A. Standard Of Review

Idaho Code § 12–121 provides that a judge may award attorney fees to the prevailing party. However, a judge can only award attorney fees based on this code section when it finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation. *Hossner v. Idaho Forest Indust., Inc.,* 122 Idaho 413, 416, 835 P.2d 648, 651 (1992); I.R.C.P. 54(e)(1). This determination rests in the sound discretion of the trial court. *Soria v. Sierra Pac. Airlines,* 111 Idaho 594, 615, 726 P.2d 706, 727 (1986). Therefore, a decision will only be overturned where an abuse of discretion is shown to exist. *Zaleha v. Rosholt, Robertson & Tucker, Chtd.,* 131 Idaho 254, 257, 953 P.2d 1363, 1366 (1998). In looking for such abuse, we consider: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistent with the applicable legal standards; and (3) whether the trial court reached its decision through an exercise of reason. *Sun Valley Shopping Center v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

### B. The District Court Did Not Abuse Its Discretion When It Awarded Attorney Fees To The Twin Falls Defendants Under I.C. § 12–121

The district court properly perceived this issue as one of discretion. I.C. § 12–121. The court acted within the boundaries of this discretion and applied the law of *Bissett v. State,* 111 Idaho 865, 727 P.2d 1293 (Ct.App.1986). *Bissett* states that "[e]nforcement of motor vehicle statutes is not censorship of religious thought or expression.

[Plaintiff] remains free to maintain his beliefs and to advocate his religion to others." *Bissett,* 111 Idaho at 868, 727 P.2d at 1296. Hutchinson meticulously read *Bissett* before he filed his complaint, but he nonetheless proceeded.

█ Additionally, Hutchinson affirmatively asserts that his own complaint "was purely and completely frivolous." Hutchinson further claims that as an "ignorant incompetent pro se litigant ... he file[d] a frivolous complaint." Accordingly, we find no grounds for ruling that the trial court abused its discretion in awarding attorney fees to the Twin Falls defendants under I.C. § 12–121.

## IV.

## ATTORNEY FEES ON APPEAL

In order to award attorney fees on appeal under I.C. § 12–121, we must conclude that Hutchinson brought or pursued his appeal frivolously, unreasonably or without foundation. We so conclude, and accordingly will award attorney fees on appeal to the Twin Falls defendants.

█ Hutchinson continues to assert that the trial court lacked jurisdiction and that he was denied due process because he was not allowed to serve these defendants before their voluntary appearance. Where an appellant's argument hinges on a question of law, as this case does, attorney fees will be awarded under I.C. § 12–121 if the question of law is clearly settled and the appellant makes no substantial showing that the district court misapplied the law. *Andrews v. Idaho Forest Industries, Inc.,* 117 Idaho 195, 198, 786 P.2d 586, 589 (Ct.App.1990), *citing*

*Davis v. Gage,* 109 Idaho 1029, 712 P.2d 730 (Ct.App.1985).

The legal doctrine that a voluntary appearance obviates the need for formal service of process is well settled. Hutchinson has not shown that the district court misapplied this principle and he offers no reasonable support or justification for challenging the trial court's decision. In addition to the law being well settled, the district court exercised great patience in explaining the application of I.R.C.P. 4(i) to Hutchinson, yet he continued to insist that the court lacked jurisdiction. Hutchinson here simply reasserts his challenge to I.R.C.P. 4(i). We conclude that Hutchinson has acted unreasonably and without foundation in bringing this appeal.

## V.

## CONCLUSION

For the reasons stated above, we affirm the district court's grant of summary judgment to the Twin Falls defendants and the district court's award of attorney fees to them under I.C. § 12–121. Attorney fees on appeal are awarded to these defendants pursuant to I.C. § 12–121, together with applicable costs.

Chief Judge PERRY, and Judge LANSING concur.