IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41806

| JAMES TIMOTHY HAAS, | ) | 2015 Unpublished Opinion No. 490 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: May 14, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Order denying motion to amend petition, and judgment dismissing action for post-conviction relief, affirmed.

James Timothy Haas, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Theodore S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

James Timothy Haas appeals from the district court's order denying his motion to amend his original petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## BACKGROUND

In 1999, a jury found Haas guilty of sexual battery of a minor child, sixteen or seventeen years of age, Idaho Code § 18-1508A. The court imposed a unified twenty-five-year sentence with nine years determinate.

Haas thereafter filed an Idaho Criminal Rule 35 motion and his first petition for post-conviction relief from the sexual battery conviction. In the post-conviction case, Haas and the State reached a written settlement agreement (signed by Haas) providing that his I.C.R. 35

1

motion would be determined on its merits following a psychosexual evaluation of Haas. In January 2003, the district court entered a conditional order dismissing the first post-conviction petition and indicated it would enter a final judgment after the I.C.R. 35 motion was heard and determined. After a hearing on the I.C.R. 35 motion, the court in the criminal case reduced the fixed term of Haas's sentence to seven years. However, the post-conviction court did not thereafter enter a final judgment dismissing the petition.

Seven years later, Haas filed a second petition for post-conviction relief from the sexual battery conviction asserting, as one ground for relief, ineffective assistance of trial counsel due to the failure to file an appeal. The district court conducted an evidentiary hearing and thereafter dismissed the petition. The district court based its decision upon I.C. § 19-4908, finding that Haas failed to demonstrate why his claims were inadequately raised in his first petition for post-conviction relief. Haas did not appeal.

Fifteen months later, Haas filed his third petition for post-conviction relief in the sexual battery matter. The petition again asserted ineffective assistance of trial counsel for failure to file an appeal. The petition also asserted deficiencies by counsel at trial, regarding the I.C.R. 35 motion, and in the first post-conviction petition. The district court dismissed Haas's third petition on the ground that he provided no sufficient reason justifying a successive petition. Haas appealed, and this Court affirmed the dismissal. *Haas v. State*, Docket No. 40998 (Ct. App. Jan. 3, 2014) (unpublished).

On December 9, 2013, shortly before this Court issued its decision in the third post-conviction case, Haas filed, in his first post-conviction action, a motion for leave to file an amended petition. He asserted that because the district court had never entered a final judgment dismissing his first petition, the case remained open and his petition was subject to amendment. The district court denied the motion, holding that because Haas simply moved for blanket permission to amend and did not identify any specific claims or issues that he proposed to raise, the motion did not establish a valid basis under the pleading requirements for a petition for post-conviction relief. The court then entered a final judgment dismissing the petition.

Haas appeals, challenging the denial of his motion to amend the petition in his first post-conviction case.

## II.

## ANALYSIS

Post-conviction proceedings are civil in nature, and therefore are governed by the Idaho Rules of Civil Procedure. *McKinney v. State*, 133 Idaho 695, 699-700, 992 P.2d 144, 148-49 (1999). Pursuant to I.R.C.P. 15(a), once a responsive pleading has been filed, a party may amend a pleading only by leave of court or by written consent of the adverse party. Whether to grant leave to amend a pleading is a matter that is within the discretion of the trial court and is subject to reversal on appeal only for an abuse of that discretion. *Black Canyon Racquetball Club, Inc. v. Idaho First Nat'l Bank, N.A.*, 119 Idaho 171, 175, 804 P.2d 900, 904 (1991). Reasons for which leave to amend may be denied include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment. *McCann v. McCann*, 138 Idaho 228, 237, 61 P.3d 585, 594 (2002); *Smith v. Great Basin Grain Co.*, 98 Idaho 266, 272, 561 P.2d 1299, 1305 (1977). When reviewing for an abuse of discretion, we examine: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Burgess v. Salmon River Canal Co., Ltd.*, 127 Idaho 565, 573, 903 P.2d 730, 738 (1995).

The district court here denied the motion because Haas had not submitted a proposed amended petition or any description of the additional claims that an amended petition would present. The district court was correct. In addressing a motion to amend, "the court may consider whether the new claims proposed to be inserted into the action by the amended complaint state a valid claim." *Black Canyon*, 119 Idaho at 175, 804 P.2d at 904*; see also Bissett v. State*, 111 Idaho 865, 869, 727 P.2d 1293, 1296 (Ct. App. 1986). In *Black Canyon*, our Supreme Court further stated: "If the amended pleading does not set out a valid claim . . . or if the opposing party has an available defense such as a statute of limitations, it is not an abuse of discretion for the trial court to deny the motion to file the amended complaint." *Black Canyon*, 119 Idaho at 175, 804 P.2d at 904. These holdings presuppose that a party seeking to amend a pleading must, at a minimum, reveal what new claims the proposed amended pleading will contain. Therefore, we find no abuse of discretion by the district court in the denial of the

3

motion to amend. We note, as well, that Haas's eleven-year delay in taking any action in his first post-conviction case likely also would have justified a denial of his motion to amend.

The district court's order denying Haas's motion to amend, and the final judgment of dismissal, are affirmed.

Judge GUTIERREZ and Judge GRATTON **CONCUR.**