**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42408**

| | | |
|---|---|---|
| **LARRY M. DUNN,** | ) | **2015 Unpublished Opinion No. 704** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: November 10, 2015** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **THOMAS BLACK,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge. Hon. Patricia G. Young, Magistrate.

Order of the district court, on intermediate appeal from the magistrate, affirming judgment in action for attorney fees, <u>affirmed</u>.

Thomas Black, Nampa, pro se appellant.

Webb & Dunn Law; Brian L. Webb, Boise, for respondent.

_____

MELANSON, Chief Judge

Thomas Black appeals from the district court's order on intermediate appeal from the magistrate, affirming judgment against Black for unpaid attorney fees and denying relief on his counterclaim. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Larry M. Dunn is an attorney who represented Black in a divorce case. Black made intermittent payments to Dunn, but did not pay the entire fee owed for Dunn's representation. After the divorce case was completed, Dunn filed suit to recover the remaining fee owed by Black. Black counterclaimed for damages. The case proceeded to trial and the magistrate found:

Mr. Dunn presented his testimony and exhibits. He represented Mr. Black in the divorce action from April 2012 through December 2012. When Mr. Black

1

and Mr. Dunn had disagreements about the best way to handle a particular issue Mr. Dunn informed Mr. Black that he had the choice to hire another attorney. Mr. Black agreed to the admittance of all of Mr. Dunn's seven exhibits. Mr. Black made no offers of proof of evidence or explained how damages occurred to him during or after the divorce proceedings as a result of Mr. Dunn's legal representation of him.

. . . [T]his court finds no basis to challenge the reasonableness of the work performed by Mr. Dunn in representing Mr. Black. There is no factual or legal basis to award Mr. Black monetary damages for the work done by Mr. Dunn.

The magistrate entered judgment in favor of Dunn in the amount of $8,989.76 and denied Black relief on his counterclaim. Black appealed to the district court, which affirmed. Black again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.2d 214, 217-18 (2013). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* Thus, the appellate courts do not review the decision of the magistrate. *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012). Rather, we are procedurally bound to affirm or reverse the decisions of the district court. *Id.*

## III.

## ANALYSIS

### A. Jurisdiction

Black argues that the magistrate did not have personal jurisdiction over him. Black specifically asserts that he was not properly served because he received the summons and Dunn's complaint through the mail, rather than through in-person service. Other than Black's unsupported allegations, there is nothing in the record to suggest that Black was improperly served. However, assuming, without deciding, that Black was improperly served, the improper

service did not permanently deprive the magistrate of personal jurisdiction over Black. The voluntary appearance of a party constitutes voluntary submission to the personal jurisdiction of the court. I.R.C.P. 4(i)(1). A voluntary general appearance is equivalent to service of summons upon a defendant and will cure any defects in service. *Hutchinson v. State*, 134 Idaho 18, 21, 995 P.2d 363, 366 (Ct. App. 1999). Black's appearance before the magistrate to answer Dunn's claims and to file a counterclaim was a voluntary general appearance. Because Black made a voluntarily general appearance before the magistrate, any defect in service was cured and the magistrate did not err in exercising personal jurisdiction over Black.

**B.     Denial of Black's Counterclaim**

Black claims that the magistrate erred in dismissing his counterclaim against Dunn, which was essentially a legal malpractice claim. The elements of a legal malpractice action are: (a) the existence of an attorney-client relationship; (b) the existence of a duty on the part of the lawyer; (c) the failure to perform the duty; and (d) the negligence of the lawyer must have been a proximate cause of the damage to the client. *Harrigfeld v. Hancock*, 140 Idaho 134, 136, 90 P.3d 884, 886 (2004). The burden of proving that an attorney has been negligent or failed to act with proper skill and that damages resulted therefrom is on the plaintiff client. *Id*. Likewise, the burden is on the plaintiff to show that the negligence of the attorney was a proximate cause of the client's damage. *Id*.

Before the magistrate, Black alleged that Dunn failed to pursue a debt in the divorce proceedings; failed to follow proper procedure and file answers in a timely manner; refused to properly file material with the Internal Revenue Service; and forced Black to make agreements under duress. The magistrate held that Black "made no offers of proof of evidence or explained how damages occurred to him during or after the divorce proceedings as a result of Mr. Dunn's legal representation" of Black. Having reviewed the record, we agree that Black did not meet his burden of proving that Dunn was negligent or failed to act with proper skill. Further, Black has not shown that shortcomings in Dunn's representation resulted in damages to Black. Because Black did not meet his burden, the district court did not err in affirming the magistrate's denial of relief on Black's counterclaim.

**C.     Scheduling Orders**

On appeal to this Court, Black repeats an allegation made below. He alleges:

> [T]he magistrate as well as the district court abused their discretion by issuing a scheduling order that reads in a confusing manner, and then again abused her [sic] discretion by making an interpretation of the order that was contrary to how the order read. If the average man were to read the scheduling order, he would also be confused as to the time limitations and frames assigned in the scheduling order.

Addressing the same issue with regard to the magistrate's scheduling order, the district court held that Black improperly sought to assert an issue on appeal that was not raised before the magistrate and that the issue was, therefore, not to be considered on appeal. As the district court noted, generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Accordingly, the district court did not err in finding that the issue was not preserved for appeal.[1]

Regarding Black's allegation that the district court's scheduling order was similarly confusing, his claim is without merit. Black has not shown that the scheduling order was confusing or difficult to understand. More importantly, even if the scheduling order was unclear, Black has provided no argument or authority to support his proposition that a confusing scheduling order is an abuse of discretion. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Accordingly, this issue is waived and will not be addressed further on appeal.

D.      Costs and Attorney Fees on Appeal

Dunn requests costs and attorney fees on appeal. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). In this case, Black asserts on appeal the same issues raised to the district court, filing a nearly identical brief as that provided to the district court. Black has added one new section to his brief on appeal regarding the magistrate's personal jurisdiction over him. As discussed above, that argument is unfounded. Because this Court is

---

[1]      The district court analyzed the merits of Black's argument. Because the issue was not preserved for appeal, this Court will not review the district court's analysis of the merits of Black's claim.

4

left with the abiding belief that the appeal has been brought frivolously, unreasonably, or without foundation, Dunn is awarded costs and attorney fees on appeal.

## IV.
## CONCLUSION

Black has not shown that the magistrate lacked personal jurisdiction over him. In addition, Black has not shown that the magistrate erred in denying relief on his counterclaim. Finally, Black has not shown that either the magistrate's or district court's scheduling orders were an abuse of discretion. Therefore, we affirm the district court's order on intermediate appeal, affirming the judgment against Black for unpaid attorney fees and dismissing his counterclaim. Dunn is awarded costs and attorney fees on appeal.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.