639 P.2d 3

**Thomas W. MAKIN, Plaintiff-Appellant,**

v.

**David H. LIDDLE,**
**Defendant-Respondent.**

No. 13992.

Supreme Court of Idaho.

Dec. 28, 1981.

Rehearing Denied Jan. 27, 1982.

Thomas W. Makin, pro se.

William Stellmon of Ware, Stellmon, O'Connell & Stellmon, Lewiston, for defendant-respondent.

PER CURIAM.

This is an appeal from a summary judgment in favor of defendant-respondent Liddle in an action brought by plaintiff-appellant Makin essentially sounding in legal malpractice. We affirm.

Makin brought an action against one Zinn for damages for breach of contract. Makin alleged that an expired written contract had been modified and extended by oral agreement. Zinn counterclaimed. Liddle was the last of a series of attorneys Makin had consulted or employed in connection with the Zinn lawsuit. The Makin-Zinn lawsuit went to trial. During his testimony Makin could not establish the date, time or place of the alleged oral agreement. At the conclusion of plaintiff's case, the court indicated that it would rule against Makin. Liddle, therefore, advised Makin that he felt the matter should be settled on the basis of Makin dismissing his action and Zinn dismissing her counterclaim. Makin agreed and the matter was thus settled.

Makin filed the instant action against Liddle alleging "criminal negligence" and "gross negligence with intent to defraud." As noted by the trial judge, the essence of Makin's complaint is that Liddle failed to call Zinn as a witness in the presentation of plaintiff's case. Liddle moved for summary judgment and filed an affida-

vit in support of his motion alleging, among other things, that he (Liddle) had taken the deposition of Zinn, that Zinn denied the existence of any such alleged oral agreement, that the Zinn deposition or Zinn as a witness could only have been detrimental to the plaintiff's case, and that the only possible evidence of the alleged oral agreement was the testimony of Makin himself.

Makin filed no affidavit and hence the assertions of Liddle are not controverted. A hearing was held, following which the court issued summary judgment in favor of Liddle, and awarded Liddle his costs and attorney's fees pursuant to I.C. § 12–121.

A party to litigation who appears without an attorney is held to the same standards, procedures and rules as would be an attorney. *State v. Sima*, 98 Idaho 643, 570 P.2d 1333 (1977). A party against whom summary judgment is sought may not rely on his pleadings, but is required to counter the moving party's affidavit and demonstrate the existence of controverted issues of relevant fact which remain for resolution. I.R.C.P. 56(e); *Worthen v. State*, 96 Idaho 175, 525 P.2d 957 (1974). Here there was no demonstration of controverted issues of material fact. Hence, the trial court was correct in its entry of summary judgment.

Affirmed. Costs, together with attorney's fees on appeal, to respondent.