696 P.2d 918

**Thomas W. MAKIN, Plaintiff-Appellant,**

v.

**David H. LIDDLE,
Defendant-Respondent.**

**No. 15630.**

Court of Appeals of Idaho.

Feb. 11, 1985.

Petition for Review Denied
April 30, 1985.

68

Thomas W. Makin, plaintiff-appellant, pro se.

William A. Stellmon, Rapaich, Knutson & Stellmon, Lewiston, for defendant-respondent.

PER CURIAM.

Thomas Makin has twice sued his former attorney, David Liddle, for alleged malpractice in connection with a civil action Makin brought against one Emily Zinn. In both malpractice suits the district court entered summary judgment against Makin's claim. The Supreme Court affirmed the first judgment. *See Makin v. Liddle*, 102 Idaho 705, 639 P.2d 3 (1981) (herein *Liddle I*). We now affirm the second.

The instant suit against Liddle, like the first one, was brought because Makin was dissatisfied with the way Liddle had represented him during proceedings in the Zinn case. The first suit alleged that Liddle negligently failed to call Zinn as an adverse witness while presenting the plaintiff's evidence. Here, Makin argues in his brief that he has brought a "totally unrelated individual claim founded in legal malpractice." Makin asserts that

> [a]fter resting the Plaintiff's case, Liddle failed to address issues raised by Zinn's attorney during the point in the trial involving the courts [sic] determination of Zinn's Motion for Summery [sic] Judgement [sic]; thereby causing the threat of an adverse ruling against the Plaintiff by the court.

The district court granted Liddle's motion for summary judgment in this case because the judgment in the first malpractice action barred another suit under the doctrine of res judicata. We believe the district court acted correctly. Where a summary judgment adjudicates a claim on its merits, the judgment invokes the doctrine of res judicata. RESTATEMENT (SECOND) OF JUDGMENTS § 19, comment g (1980). The summary judgment in *Liddle I* was such an adjudication. Although the present action purports to focus upon a different aspect of the attorney's conduct in the Zinn case, the underlying claim of malpractice is the same as that asserted in *Liddle I*. The present action, therefore, is barred by res judicata in the form of claim preclusion. *See Aldape v. Akins*, 105 Idaho 254, 668 P.2d 130 (Ct. App.1983).

Liddle has requested an award of attorney fees, contending that this appeal was frivolous and without merit. In light of *Aldape*, which was decided before the appeal was taken, we hold that Makin has presented no genuine issue of law nor any error in the application of law to the undisputed facts germane to the appeal. Accordingly, we award attorney fees pursu-

ant to I.C. § 12–121. *See Christensen v. Idaho Land Developers, Inc.,* 104 Idaho 458, 660 P.2d 70 (Ct.App.1983).

The judgment of the district court is affirmed. Costs and attorney fees on appeal, as determined under I.A.R. 41, to respondent, Liddle.