**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41414**

| | | |
|---|---|---|
| **ROBERT TERRY JOHNSON,** | ) | **2015 Opinion No. 22** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed:  April 27, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County.  Hon. John K. Butler, District Judge.

Judgment of the district court summarily dismissing second successive petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Robyn A. Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Robert Terry Johnson appeals from the judgment of the district court summarily dismissing his second successive petition for post-conviction relief.  For the reasons that follow, we affirm.

## I.

## FACTS AND PROCEDURE

Underlying this second successive petition for post-conviction relief, Johnson pled guilty in 1994 to two counts of first degree murder.  Although Johnson did not file a direct appeal,[1] he filed a petition for post-conviction relief asserting ineffective assistance of defense counsel; this

_____

[1]    Johnson's co-defendant, Thomas Robert Petersen, also pled guilty to two counts of first degree murder, and he appealed his sentences in *State v. Johnson*, 127 Idaho 279, 899 P.2d 989 (Ct. App. 1995).

1

Court affirmed the summary dismissal of that petition in *Johnson v. State*, Docket No. 23177 (Ct. App. July 10, 1997) (unpublished). More than a decade later, Johnson filed his first successive petition for post-conviction relief. The first successive petition contended that the prosecutor committed a *Brady*[2] violation, that there was new evidence--specifically, a confession by Johnson's co-defendant--and that defense counsel provided ineffective assistance.[3] The State moved for summary dismissal, and the district court summarily dismissed the first successive petition. The district court determined that the claims were not filed within a reasonable time and determined that Johnson did not submit admissible evidence to support the claims. On appeal, this Court affirmed because the claims were not filed within a reasonable time, although we did not address the other ground for dismissal. *Johnson v. State*, Docket No. 37378 (Ct. App. Aug. 8, 2011) (unpublished).

Within a month of the appeal in his first successive petition being remitted, Johnson filed his second successive petition for post-conviction relief and moved for the appointment of counsel. Johnson's second successive petition presented the same claims as the first, but it also asserted that post-conviction and appellate counsel who handled Johnson's first successive petition provided ineffective assistance and asserted that the district court erred by not considering pro se motions that Johnson had filed in the action on his first successive petition.[4] The district court subsequently issued a notice of intent to dismiss. That notice denied Johnson's motion for the appointment of counsel and informed Johnson that his ineffective assistance of counsel assertions did not provide a basis for post-conviction relief, but may provide sufficient

---

[2]     *See Brady v. Maryland*, 373 U.S. 83 (1963).

[3]     The district court treated the claim of new evidence as an actual innocence claim. Furthermore, it appears from the order summarily dismissing the first successive petition that counsel conceded that the ineffective assistance of defense counsel claim was not a ground for relief, but was offered as sufficient reason for permitting the claims in the successive petition.

[4]     In both its notice of intent to dismiss and memorandum decision, the district court seemingly treated the second successive petition as raising the same claims as the first successive petition, but with other assertions (even though they were listed in the petition's grounds for relief) that Johnson contended were sufficient reason for filing the claims in the second successive petition. Neither party challenges this characterization on appeal. Indeed, Johnson's briefing before this Court treats the other assertions as providing sufficient reason. All the same, the other assertions (ineffective assistance of the first successive post-conviction counsel and district court error) are not proper grounds for relief, as the district court noted in its notice of intent to dismiss. *See* Idaho Code § 19-4901(a) (listing the grounds that may be asserted).

reason. However, the notice also informed Johnson that he had not proffered a sufficient reason for filing the claims in the second successive petition; in addition, the notice of intent to dismiss explained that res judicata and the law-of-the-case doctrine applied to bar the second successive petition.

Johnson replied to the notice of intent to dismiss, and the district court appointed counsel to address the timeliness of the claims in the second successive petition and to address why the second successive petition was not barred by res judicata or the law-of-the-case doctrine. Counsel filed a second reply to the notice of intent to dismiss, including affidavits. The district court then issued a memorandum decision summarily dismissing the second successive petition. In that decision, the court addressed information put forward by Johnson, but it ultimately decided that res judicata and the law-of-the-case doctrine barred the second successive petition. Although Johnson filed a motion for reconsideration, the court denied the motion, and Johnson appeals.

## II.

## STANDARD OF REVIEW

Even though a petitioner must generally raise all claims for post-conviction relief in his original petition, he may assert a claim in a successive petition if there is "sufficient reason" that the claim "was not asserted or was inadequately raised in the original [petition]." Idaho Code § 19-4908. A court considering whether there is sufficient reason for filing the claim in a successive petition must consider whether the claim was asserted within a reasonable time. *Charboneau v. State*, 144 Idaho 900, 905, 174 P.3d 870, 875 (2007) ("The trial court's analysis of 'sufficient reason' permitting the filing of a successive petition must necessarily include an analysis of whether the claims being made were asserted within a reasonable period of time.").

Idaho Code section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v.*

3

*State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008).  Over questions of law, we exercise free review.  *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

The interpretation of a statute is an issue of law over which we exercise free review. *Aguilar v. Coonrod*, 151 Idaho 642, 649-50, 262 P.3d 671, 678-79 (2011).  Such interpretation must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole.  *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011).

## III.

## ANALYSIS

On appeal, Johnson argues that the district court erred by summarily dismissing his second successive petition because he provided sufficient reason to file the claims.  Specifically, he avers that affirmative misrepresentations by counsel that handled Johnson's first successive petition and his efforts to remedy counsel's deficiencies provide sufficient reason, distinguishing his case from *Murphy v. State*, 156 Idaho 389, 327 P.3d 365 (2014).[5]  Johnson also contends that the court erred by summarily dismissing his second successive petition because he established an issue of material fact as to whether the claims in his second successive petition were filed within reasonable time.

The district court, although noting that Johnson did not provide a sufficient reason for filing the claims in the second successive petition, determined that Johnson's second successive petition was barred by the doctrine of res judicata and the law-of-the-case doctrine.[6]  The doctrine of res judicata applies to post-conviction proceedings.  *See, e.g.*, *Knutsen v. State*, 144

---

[5]     In *Murphy v. State*, 156 Idaho 389, 395, 327 P.3d 365, 371 (2014), the Idaho Supreme Court overruled *Palmer v. Dermitt*, 102 Idaho 591, 635 P.2d 955 (1981) and held that because post-conviction petitioners have "no statutory or constitutional right to effective assistance of post-conviction counsel, [they] cannot demonstrate 'sufficient reason' for filing a successive petition based on ineffectiveness of post-conviction counsel."

[6]     The law-of-the-case doctrine does not apply to the second successive petition.  "[T]he law of the case doctrine only applies to bar re-litigation of issues in a single case and its subsequent progress."  *Berkshire Invs., LLC v. Taylor*, 153 Idaho 73, 81 n.7, 278 P.3d 943, 951 n.7 (2012).  But this appeal involves a separate action, which was initiated by the filing of the second successive petition, rather than the action at issue in the prior appeal.  Accordingly, the law-of-the-case doctrine does not apply.  *See id.* ("Here, because a separate action has been filed, res judicata is the more applicable doctrine, regardless of how similar its parties and issues.").

4

Idaho 433, 440, 163 P.3d 222, 229 (Ct. App. 2007) (applying res judicata to a post-conviction claim). The doctrine of res judicata contains both claim preclusion (true res judicata) and issue preclusion (collateral estoppel). *Hindmarsh v. Mock*, 138 Idaho 92, 94, 57 P.3d 803, 805 (2002). Claim preclusion bars a subsequent action between the same parties upon the same claim that was already adjudicated in a valid final judgment on the merits. *Id.* Therefore, to apply claim preclusion, three elements must exist: "(1) same parties; (2) same claim; and (3) final judgment." *Ticor Title Co. v. Stanion*, 144 Idaho 119, 124, 157 P.3d 613, 618 (2007).

In this case, Johnson's second successive petition involves the same parties as the first successive petition. The second successive petition also asserts the same claims that were presented in the first successive petition, along with additional reasons as to why there was sufficient reason to file the claims in the second successive petition. Finally, Johnson's first successive petition was dismissed because that petition did not raise a genuine issue of material fact and the State was entitled to judgment as a matter of law because the claims had not been asserted within a reasonable time (as affirmed on appeal). Hence, the claims in Johnson's first successive petition were adjudicated and dismissed in a final judgment on the merits. *See Makin v. Liddle*, 108 Idaho 67, 68, 696 P.2d 918, 919 (Ct. App. 1985) (per curiam) (applying claim preclusion based on a prior action that ended in a summary judgment); *see also* Idaho Rule of Civil Procedure 41(b) ("Unless the court in its order for dismissal otherwise specifies . . . any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."); 18A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4435 (2d ed. 2002) (discussing a final judgment "on the merits" and commenting that "it is clear that an entire claim may be precluded by a judgment that does not rest on any examination whatever of the substantive rights asserted") and § 4444 ("Both claim preclusion and issue preclusion result from summary judgments that rest on the lack of any genuine issue of material fact going to the merits of claim or defense.").

Here, all three elements of claim preclusion exist and apply to the second successive petition. Despite the fact that Johnson may have new reasons to assert in support of the claims he raised in his first successive petition, claim preclusion bars him from asserting different theories in support of the claims already adjudicated. *See Andrus v. Nicholson*, 145 Idaho 774, 777, 186 P.3d 630, 633 (2008) ("[C]laim preclusion under the doctrine of *res judicata* is not

limited to theories that were actually litigated in the prior lawsuit."); *Makin*, 108 Idaho at 68, 696 P.2d at 919 (applying claim preclusion to a new theory of malpractice asserted in a second action because it was based upon the same claim of malpractice asserted in the first action). Although the result may seem harsh, claim preclusion serves three fundamental purposes:

> First, it preserves the acceptability of judicial dispute resolution against the corrosive disrespect that would follow if the same matter were twice litigated to inconsistent results. Second, it serves the public interest in protecting the courts against the burdens of repetitious litigation; and third, it advances the private interest in repose from the harassment of repetitive claims.

*Aldape v. Akins*, 105 Idaho 254, 257, 668 P.2d 130, 133 (Ct. App. 1983) (citation and internal quotation marks omitted); *accord Hindmarsh*, 138 Idaho at 94, 57 P.3d at 805.

Even though not expressly argued by Johnson, we note that I.C. § 19-4908 does not provide a basis for Johnson to reassert claims already adjudicated in his first successive petition. That section begins with the admonition that all claims for post-conviction relief "must be raised" in the original petition. I.C. § 19-4908. Any claim not raised in the original petition is waived and may not be a basis for a successive petition, unless there is a claim that "for sufficient reason was not asserted or was inadequately raised in the original [petition]." *Id.* As the Indiana Supreme Court has explained,[7] this sufficient reason exemption "is not inconsistent with res judicata. Rather, it exists for those cases in which an issue was unascertainable or unavailable at the time of the original post-conviction petition." *Arthur v. State*, 663 N.E.2d 529, 531-32 (Ind. 1996); *see also Waller v. State, Dep't of Health & Welfare*, 146 Idaho 234, 238, 192 P.3d 1058, 1062 (2008) (explaining that res judicata applies "to all issues which were or *could* have been litigated") (emphasis added).

---

[7] Indiana's Rules of Post-Conviction Remedies contain a provision nearly identical to I.C. § 19-4908:

> All grounds for relief available to a petitioner under this rule must be raised in his original petition. Any ground finally adjudicated on the merits or not so raised and knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the petitioner has taken to secure relief, may not be the basis for a subsequent petition, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original petition.

Indiana Rule of Post-Conviction Remedies 1(8).

Johnson made use of this exemption in the first successive petition when he alleged claims--which, but for the exemption, would not have been permitted under the statutory requirement that all claims be presented in the original petition--that were unascertainable or unavailable at the time of the original petition, more than a decade prior. A court adjudicated those claims, although not in Johnson's favor. Therefore, claim preclusion bars relitigation of the claims in the second successive petition, and the I.C. § 19-4908 exemption does not apply; our decision is consistent with other states with similar exemptions that have also applied claim preclusion. *See, e.g.*, *Arthur*, 663 N.E.2d at 532 ("In this case, the sole issue raised in this successive Petition for Post-Conviction Relief, the adequacy of the jury instructions for attempted murder, had been adequately raised and fully litigated in the first Petition for Post-Conviction Relief. Thus, P-C.R. 1(8) does not provide the defendant with a basis for a successive Petition for Post-Conviction Relief."); *Rojem v. State*, 925 P.2d 70, 73 (Okla. Crim. App. 1996) ("Since the issue of discovery was raised and ruled on in Rojem's first application for post-conviction relief, the doctrine of res judicata bars further litigation of this issue."); *cf. State v. Wetzel*, 192 N.W.2d 762, 764 (Iowa 1971) (applying res judicata to a claim in a post-conviction petition that was addressed in a prior habeas proceeding and commenting on Iowa's version of I.C. § 19-4908 by explaining that "Its provisions seem clear and unambiguous to us. Relitigation of previously adjudicated issues is barred.").

An interpretation of the I.C. § 19-4908 exemption that would permit Johnson to reassert claims already adjudicated would go against the Idaho Supreme Court's reasoning with respect to res judicata and post-conviction proceedings. Indeed, the Idaho Supreme Court has explained that a criminal defendant must choose when to assert ineffective assistance of counsel: "[a]lthough a defendant alleging ineffective assistance of counsel at trial may raise the issue on direct appeal or reserve it for post conviction proceedings, he may not do both. If the issue is raised and considered on appeal, it becomes *res judicata*." *Parrott v. State*, 117 Idaho 272, 274, 787 P.2d 258, 260 (1990). It would be quite strange to read the I.C. § 19-4908 exemption to permit a defendant to bypass res judicata and assert a claim in a successive petition, which had already been decided on direct appeal, when res judicata estopped the defendant from asserting the claim in the original petition. Rather, the exemption is designed to permit petitioners to surpass the statutory limitation of one petition for post-conviction relief to assert a claim that could not have been made in the original petition. *See Stuart v. State*, 118 Idaho 932, 934, 801

7

P.2d 1283, 1285 (1990) ("Subsequent petitions are allowed if the appellant states a sufficient reason for not asserting the grounds in the earlier petition."); *Arthur*, 663 N.E.2d at 531-32 (explaining that the exemption "exists for those cases in which an issue was unascertainable or unavailable at the time of the original post-conviction petition"); *see also Charboneau*, 144 Idaho at 904, 174 P.3d at 874 ("Moreover, as acknowledged by the State, there may be claims which simply are not known to the defendant within the time limit [for filing the original petition], yet raise important due process issues."). The exemption does not exist to permit petitioners to raise claims ad infinitum. *See Dionne v. State*, 93 Idaho 235, 237, 459 P.2d 1017, 1019 (1969) (explaining that the proper use of a post-conviction petition "avoids repetitious and successive applications; eliminates confusion and yet protects the applicant's constitutional rights").

Because claim preclusion bars Johnson's second successive petition, there is no genuine issue of material fact and the State is entitled to judgment as a matter of law. Accordingly, the district court's judgment summarily dismissing Johnson's second successive petition is affirmed.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.