IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 50350

| KENNETH EDWARD ELCOCK, | ) | |
| --- | --- | --- |
| | ) | Filed: November 9, 2023 |
| Petitioner-Appellant, | ) | |
| | ) | Melanie Gagnepain, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Derrick J. O'Neill, District Judge.

Judgment summarily dismissing second successive petition for post-conviction relief, <u>affirmed</u>.

Kenneth Edward Elcock, Boise, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge Pro Tem

Kenneth Edward Elcock appeals from a judgment summarily dismissing his second successive petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In the early morning hours of April 15, 2006, Elcock and two companions arrived at an apartment building where a man with whom they had a dispute was throwing a party. Upon arrival, Elcock approached the man, pointed a gun at his face, and pulled the trigger. The gun did not fire and the man ran for cover in his apartment. After cocking the gun, Elcock fired several shots through the plate glass window of the man's apartment, injuring three individuals and killing a fourteen-year-old girl.

1

Elcock was subsequently charged with one count of first degree murder, three counts of aggravated battery, one count of unlawful discharge of a firearm at a dwelling house, one count of aggravated assault, and a sentencing enhancement based on the use of a firearm in the commission of a crime. Pursuant to a plea agreement, Elcock pled guilty to one count of second degree murder, I.C. §§ 18-4001, 18-4002, and 18-4003(g); three counts of aggravated battery, I.C. §§ 18-903(c) and 18-907; and one count of aggravated assault, I.C. §§ 18-901(a) and 18-905. The remaining charges were dismissed. The district court sentenced Elcock to life imprisonment, with a minimum period of confinement of forty years, for second degree murder; concurrent determinate fifteen-year terms for the three counts of aggravated battery; and a concurrent determinate term of five years for aggravated assault. Elcock filed an I.C.R. 35 motion for reduction of his sentences, which the district court denied and this Court affirmed in an unpublished opinion. *See State v. Elcock*, Docket No. 33861 (Ct. App. Feb. 28, 2008). Two years later, Elcock filed an I.C.R. 33(c) motion to withdraw his guilty pleas, which the district court denied and this Court affirmed in an unpublished opinion. *See State v. Elcock*, Docket No. 38177 (Ct. App. Apr. 1, 2011).

Elcock filed his initial petition for post-conviction relief in 2007. In the petition, Elcock raised a variety of claims, including ineffective assistance of trial counsel, invalidity of his guilty pleas, lack of factual and legal bases for his convictions, and various claims of bias and discrimination. The district court summarily dismissed his petition and we affirmed in an unpublished opinion. *See Elcock v. State*, Docket No. 37932 (Ct. App. Oct. 7, 2011).

Elcock filed a successive petition for post-conviction relief after we decided his appeal from the order summarily dismissing his initial petition. In his successive petition, Elcock reasserted his ineffective assistance of trial counsel claims and added to them claims of ineffective assistance of appellate counsel, violations of due process resulting from the provision of an overworked public defender, and actual innocence. Elcock asserted that the sufficient reason allowing him to bring all of these claims in a successive petition was that his trial counsel withheld discovery, which was necessary to adequately bring the claims until six months before Elcock filed this successive petition. Elcock subsequently amended his successive petition to add a new affidavit of one of the eyewitnesses. In the affidavit, the eyewitness recanted his prior statements to police and his prior sworn affidavit submitted with Elcock's initial petition for post-conviction relief in which the witness identified Elcock as the shooter. The district court gave notice of its

2

intent to dismiss and ultimately dismissed the successive petition, finding that Elcock's asserted sufficient reason for filing his claims in a successive petition and his actual innocence claim were both disproven by the record. This Court affirmed the district court in an unpublished opinion. *See Elcock v. State*, Docket No. 41195 (Ct. App. Jul. 9, 2014).

Elcock's second successive petition for post-conviction relief first asserts that the district court erred in denying Elcock's motion for appointment of counsel. The remainder of the petition alleges issues that have already been raised and decided. Elcock asserts claims of actual innocence, violation of due process, violation of civil rights, withheld discovery, and ineffective assistance of counsel. Elcock also claims that there is new evidence to support this petition--an alleged phone call between Elcock while housed at a correctional facility and an eyewitness. Elcock claims that, during this call, the eyewitness admitted that Elcock was not the shooter. The district court declined to order a subpoena for the facility to turn over a recording of the call. The district court filed a notice of intent to dismiss and later dismissed the second successive petition. Elcock appeals.

## II.

## STANDARD OF REVIEW

If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). The petition is subject to summary dismissal unless the petitioner can show such a sufficient reason for bringing a successive petition. *Hooper v. State*, 127 Idaho 945, 948, 908 P.2d 1252, 1255 (Ct. App. 1995). Pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.*

## III.

## ANALYSIS

### A. Appointment of Counsel

Elcock asserts that the district court erred in denying his motion for appointment of counsel.

3

If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition in the trial court and on appeal. I.C. § 19-4904. When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Grant v. State*, 156 Idaho 598, 603, 329 P.3d 380, 385 (Ct. App. 2014). The district court abuses its discretion where it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits. *Id*.

In determining whether to appoint counsel pursuant to I.C. § 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Grant*, 156 Idaho at 603, 329 P.3d at 385. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *Id*. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id*. Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Grant*, 156 Idaho at 603, 329 P.3d at 385.

In denying Elcock's motion for appointment of counsel, the district court noted that the claims asserted by Elcock in his petition had been raised--and decided adversely--in previous post-conviction petitions. The district court reasoned that raising claims which have previously been decided against him is not sufficient to suggest Elcock has a valid claim for post-conviction relief. Because Elcock failed to raise the possibility of a valid claim, the district court did not abuse its discretion in denying his motion for appointment of counsel.

## B.    Res Judicata

Elcock raises five issues in his second successive post-conviction petition. The issues have been previously raised and decided and are therefore barred by res judicata. Res judicata prevents the litigation of causes of action which were finally decided in a previous suit. *Gubler By and Through Gubler v. Brydon*, 125 Idaho 107, 110, 867 P.2d 981, 984 (1994). The review of a trial court's ruling on whether an action is barred by res judicata is a question of law over which this

4

Court has de novo review. *Ticor Title Co. v. Stanion*, 144 Idaho 119, 122, 157 P.2d 613, 616 (2007). The principles of res judicata apply when a petitioner attempts to raise the same issues previously ruled upon on direct appeal or in a subsequent petition for post-conviction relief. *Knutsen v. State*, 144 Idaho 433, 439, 163 P.3d 222, 228 (Ct. App. 2007).

The doctrine of res judicata contains both claim preclusion (true res judicata) and issue preclusion (collateral estoppel). Claim preclusion bars a subsequent action between the same parties upon the same claim that was already adjudicated in a final judgment on the merits. Therefore, to apply claim preclusion, three elements must exist: (1) same parties; (2) same claim; and (3) final judgment. *Johnson v. State*, 158 Idaho 852, 855, 353 P.3d 1086, 1089 (Ct. App. 2015). Elcock's second successive petition involves the same parties and claims as the first successive petition. Elcock asserts claims of actual innocence, violation of due process, violation of civil rights, withheld discovery, and ineffective assistance of counsel. Elcock asserted a claim of actual innocence in his successive petition in 2011. The district court denied the petition and this Court affirmed. The substance of Elcock's due process violation and civil rights claims stem from an assertion that he was drugged against his will while in the Ada County Jail before entering his guilty pleas, which he contends invalidate his pleas. This claim too has already been raised in the original post-conviction petition in 2007 and the successive post-conviction petition in 2011. Additionally, these violations of rights claims include an assertion that Elcock's trial counsel withheld discovery. The underlying issue, that trial counsel withheld evidence, was raised in Elcock's first successive post-conviction petition. Because all of Elcock's claims have been raised in previous petitions and decided adversely to him and affirmed on appeal, claim preclusion bars Elcock's claims.

## C. New Evidence Claim

Elcock asserts that new evidence, an alleged phone call with an eyewitness to the shooting, is sufficient to bring his actual innocence claim again. As previously noted, the merits of a claim in a successive petition for post-conviction relief may only be considered upon a threshold showing of a sufficient reason for why the claim was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau*, 144 Idaho at 904, 174 P.3d at 874. Thus, in the context of a successive petition for post-conviction relief, we first consider whether the petitioner raised the possibility of a valid claim as to the grounds asserted as sufficient

5

reason for filing the successive petition. *Melton v. State*, 148 Idaho 339, 343, 223 P.3d 281, 285 (2009) (addressing whether petitioner raised the possibility of a valid claim as to "the grounds upon which [the petitioner] based his successive [petition] for post-conviction relief"). As a result, we assume summary dismissal of a successive petition is appropriate if the petitioner fails to allege facts sufficient to raise the possibility of a valid claim as to the grounds asserted as sufficient reason for bringing the successive petition.

Elcock has repeatedly maintained that he committed the crimes to which he pled guilty. At Elcock's plea hearing, he admitted to shooting into the apartment building multiple times, stating that he "shot through a window at people having a party." Moreover, he admitted that he knew that there was a crowd of people in the apartment and that, if he shot at them, he might hit someone. Sworn statements made in open court "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Additionally, in Elcock's initial petition for post-conviction relief, he acknowledged that he had fired into the crowded apartment but asserted that he should only be guilty of voluntary manslaughter because he lacked the element of malice. Just months before filing his first successive petition for post-conviction relief, Elcock again admitted that he had "turned and fired shots" at the apartment building after being handed a gun. Finally, the affidavit of the eyewitness recanting his prior sworn implication of Elcock in the shooting is internally inconsistent. The affidavit avers that Elcock was "handed a gun" and that another person "admitted that he gave [Elcock] the gun" and then immediately states that Elcock "never had a black gun or shot one" and that "his finger prints were not on it."

Here, even when drawing all inferences in his favor, Elcock has failed to allege facts in his second successive petition that raise the possibility of a valid claim. The sole ground Elcock asserts as sufficient reason for bringing his claims in a second successive petition for post-conviction relief is that a phone call from an alleged witness supports his claim of actual innocence. This claim is not supported by any new admissible evidence. As it relates to this claim, Elcock submitted a previously admitted affidavit (the same one submitted with a prior petition), his own proposed subpoenas, and other documentation from the underlying criminal case. Rather than submitting any new evidence, Elcock asked the district court to subpoena an alleged witness and the correctional facility's recording of the alleged phone call. The district court refused to consider Elcock's account of the substance of the alleged phone call because it was inadmissible

6

hearsay. Accordingly, Elcock has failed to provide any new evidence that would support a sufficient reason for filing a second successive petition for post-conviction relief.

Elcock's claims are barred by claim preclusion. Elcock has failed to show a sufficient reason for filing a second successive petition for post-conviction relief. Thus, the district court did not err in dismissing the petition.

## VI.

## CONCLUSION

Elcock has failed to show the district court erred in denying appointment of counsel and summarily dismissing his second successive petition for post-conviction relief. Thus, the judgment dismissing Elcock's second successive petition for post-conviction relief is affirmed.

Chief Judge LORELLO and Judge GRATTON, **CONCUR**.